# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2010

No. 10-50110
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ANTONIO ANGUINO-ADRIANO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-252-3

Before DeMOSS, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Juan Antonio Anguino-Adriano (Anguino) appeals his conviction of conspiracy to possess with intent to distribute more than 50 kilograms of marijuana and possession with intent to distribute more than 50 kilograms of marijuana. He was sentenced to 66 months of imprisonment.

Anguino argues that the district court abused its discretion by failing to ask potential jurors during voir dire about the possibility of ethnic bias. He

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that because Del Rio, Texas, is a border community, there is a reasonable probability of ethnic bias.

The district court did not abuse its discretion in conducting voir dire. The record reflects that the district court included questions that were sufficient "to produce some basis for defense counsel to exercise a reasonably knowledgeable right of challenge." *See United States v. Rodriguez*, 993 F.2d 1170, 1176 (5th Cir. 1993).

The district court did not violate the Constitution when it declined to ask the questions proposed by Anguino. *See Rosales-Lopez v. United States*, 451 U.S. 182, 189 (1981). There was no racial or ethnic issue "inextricably bound up with the conduct of the trial." *See Ristaino v. Ross*, 424 U.S. 589, 597 (1976). Nor did the district court's decision run afoul of the rule set out as part of the Supreme Court's supervisory authority. *See Rosales-Lopez*, 451 U.S. at 192. Nothing in this record indicates a reasonable possibility that racial or ethnic prejudice affected the jury. Accordingly, the judgment is AFFIRMED.